■ MENYHERT KALMANCY et al., Appellants, v ANDREW CSERENYI et al., Respondents. [774 NYS2d 59]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated April 1, 2003, which, among others things, directed them to deliver to the defendants a first mortgage for $1,857,000, directed them to convey to the defendants three parcels of real property known as lots 4-4, 4-3, and 4-6, and directed the parties jointly to complete a specified road "as soon as practicable and in accordance with the requirements set forth by the Town."

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination in accordance herewith.

This action involves a contract whereby the parties exchanged parcels of property in order to form three subdividable tracts designated tract A, owned by the defendants, and tracts C and D, owned by the plaintiffs. Pursuant to the contract, the defendants were obligated to complete subdivision work with respect to all three tracts and were obligated "together" with the plaintiffs to complete a specified road. The plaintiffs were required to pay $50,000 toward the cost of the road and one-half of the recreation fee imposed on tract C, while the defendants were responsible for the remaining costs of constructing the road, the other half of the recreation fee imposed on tract C, and all the recreation fees imposed on tract D. "In consideration of all of the foregoing" the defendants were given the right to select two lots from tract C (later designated lots 4-4 and 4-3) and one lot from tract D (later designated lot 4-6).

The contract further provided that upon completion of the subdivision of tract A, title to a lot in tract A (later designated lot 4) "shall vest in FRANK KALMANCY and ANNMARIE KALMANCY, the son and daughter-in-law" of the plaintiffs, and the plaintiffs were obligated to deliver to the defendants a first mortgage for (1) their $50,000 contribution toward the cost of the road, (2) one half the recreation fee imposed on tract C, and (3) the fair market value, determined by agreement or "independent appraisal" of the three lots chosen by the defendants.

After the subdivision of tract A was completed the defendants did not transfer title to lot 4 to Frank Kalmancy and Annmarie Kalmancy nor did the plaintiffs deliver a first mortgage to the defendants pursuant to the terms of the contract.

In 1999 the plaintiffs commenced this action alleging that the defendants failed to comply with their obligations pursuant to the contract. In their answer, the defendants contended that they had performed much of the work required to subdivide tracts C and D but the plaintiffs had failed to deliver a first mortgage to them to secure the plaintiffs' obligations under the contract.

On September 17, 2001, the parties entered into a stipulation of settlement. The defendants agreed to continue work pursuant to the contract and the plaintiffs agreed to cooperate with them. The defendants further agreed that the plaintiffs would receive a $25,000 credit toward their obligations which would be increased to $28,500 if the subdivision plat was not filed and approved until after October 30, 2001.

The parties agreed that "[u]pon the filing of the plat map" they would designate their choices of lots from tracts C and D and the defendants would transfer lot 4 to Frank Kalmancy and Annmarie Kalmancy. The defendants were "granted permission by the plaintiffs to file a mortgage" for the sums which Frank Kalmancy and Annmarie Kalmancy allegedly owed them pursuant to a separate contract between them. The plaintiffs' counsel noted that he could not bind Frank Kalmancy and Annmarie Kalmancy, who were not his clients and are not parties to this action. When the plaintiffs' counsel stated that lot 4 should be transferred to the plaintiffs directly, the defendants' counsel noted that approval by Frank Kalmancy would be necessary to effect such a change. The parties ultimately agreed that the transfer would be "without prejudice" to claims in a separate action involving Frank Kalmancy and the defendants.

The stipulation further provided that "At the time that title in Lot #4 . . . passes to Frank Kalmancy and not before then, the defendants shall be entitled to take title to the first lot they chose" from tract C which was later designated lot 4-4. The defendants agreed that they would not receive the remaining two lots (lots 4-3 and 4-6) "unless and until the defendants execute a lien in favor of plaintiffs which will obligate defendants to complete the subdivision." They further agreed to complete all work they were required to do pursuant to the contract within 18 months of October 30, 2001, and remove the notice of pendency on the plaintiffs' property.

The defendants acknowledge that the subdivision map was not filed until after October 30, 2001, that they failed to complete the road, and that they failed to remove the notice of pendency on the plaintiffs' property. Further, the plaintiffs failed to deliver a first mortgage on their property pursuant to the terms of the contract.

The defendants moved to compel the plaintiffs to deliver a first mortgage on tracts C and D for $1,857,000. That amount included the $50,000 contribution the plaintiffs were required to make toward the cost of the road, $7,000 which the defendants claimed was one-half of the recreation fee imposed on tract C, and $1,800,000 which defendants's attorney claimed was the fair market value of lots 4-4, 4-3, and 4-6. The defendants' papers are internally inconsistent: elsewhere the defendants' attorney estimated the value of the three lots to be $1,200,000. In any event, there is no "independent appraisal" or other competent evidence in the record of the value of those lots.

The defendants further contended that the plaintiffs were obligated to transfer title to lots 4-4, 4-3, and 4-6 to them "now" and without the imposition of any lien on their property on the ground that they had "performed all work necessary to complete the subdivision to the satisfaction of the Town." They acknowledged that completion of the road within 18 months of October 30, 2001, the deadline set forth in the stipulation of settlement, could not be accomplished.

The plaintiffs cross-moved to compel the defendants to comply with the stipulation, contending that the defendants' work was not completed and the defendants had not conveyed lot 4 to their son.

The judgment appealed from was entered without any hearing, upon the papers alone. The Supreme Court held, contrary to the terms of the contract, that the completion of the road was not part of the subdivision work which the defendants were required to complete as consideration for lots 4-4, 4-3, and 4-6. The Supreme Court accepted the bald conclusory statement of the defendants' attorney that lots 4-4, 4-3, and 4-6 were worth $1,800,000 and, inter alia, directed the plaintiffs to deliver to the defendants a mortgage for $1,857,000, which would be reduced to $28,500 once the plaintiffs conveyed lots 4-4, 4-3, and 4-6 to the defendants. The Supreme Court also directed the plaintiffs to convey lots 4-4, 4-3, and 4-6 to the defendants, and held that the parties were jointly responsible for the construction of the road which "shall be constructed as soon as practicable and in accordance with the requirements set forth by the Town." The plaintiffs appeal from the judgment on the ground, inter alia, that there are issues of fact which precluded granting relief.

It is clear from this record that the parties never entered into an agreement altering their original contract to transfer lot 4 to Frank Kalmancy and Annmarie Kalmancy upon the completion of the subdivision of tract A. The stipulation of settlement

explicitly provides that this is a condition precedent to the plaintiffs' transfer of lot 4-4 to the defendants. Nevertheless, the Supreme Court directed the plaintiffs to transfer lot 4-4 to the defendants but did not direct the defendants to transfer lot 4 pursuant to the contract.

The plaintiffs' obligation to deliver a first mortgage was to secure their obligations under the contract. The amount of the mortgage can only be determined after the extent of the plaintiffs' obligations are determined based upon competent evidence after a hearing.

Further, there are issues of fact as to whether the defendants have completed the work required in consideration of the plaintiffs' conveyance to them of lots 4-4, 4-3, and 4-6.

In view of the foregoing, the judgment must be reversed and the matter remitted to the Supreme Court, Westchester County, for a hearing and new determination after resolution of the disputed issues of fact. Smith, J.P., Goldstein, H. Miller and Townes, JJ., concur.